MICHEL LÉGER *v.* PIERRE SOSTHENE ARCENAUX and another.

Where a debtor has made a *cessio bonorum*, all his debts, whether payable then or at a future period, are placed on the same footing, the latter being reduced in proportion to the distance of the day of payment. All the creditors, including those whose debts were payable at a future time, are entitled to a voice in fixing the terms of sale; nor will the consent of a creditor to the sale of the property on a credit, be considered an extension of the time of payment, so as to release others bound with the insolvent as endorsers or sureties.

APPEAL from the District Court of Lafayette, *Boyce*, J.

MARTIN, J.   The defendants being sued on a note by which they bound themselves, *in solido,* with Louis Sosthene Arcenaux, deceased, resist the claim on the ground that the plaintiff had, without their consent, granted a prolongation of time to the said Louis Sosthene Arcenaux, who was the principal debtor ; and thus discharged the present defendants, who signed the note as sureties.   The judgment was against them, and they have appealed.

The record shows, that Louis S. Arcenaux made a *cessio bonorum ;* that the plaintiff had an attorney, who attended for him the meeting of the creditors called to fix the terms of sale of the property ceded ; and that they unanimously agreed, without any opposition from, and with the assent of, the plaintiff's attorney, that the sale should be at one and two years ; and this is the only fact which the defendants present as evidence of a prolongation of the time of payment.

It does not appear to us, that the Judge erred.   On a cession of goods, all the debts of the insolvent, whether payable then or at future periods, are placed on the same footing, the latter being reduced in amount, in proportion to the distance of the day of payment.

The claims of the creditors are, therefore, no longer on the debtor, but on the nett proceeds of the sale of the property ceded.   In the terms of sale, all the creditors are entitled to vote, as well those whose debts are payable at the time of the cession, as those whose debts are payable at subsequent periods.   All are interested that the largest produce should be obtained.   If the defendants should choose to pay the debt, they will be subrogated, *ipso facto,* to the rights of the creditor on the proceeds of the sale. He was not bound to insist on the ceded goods being sold for cash.   This probably would have been injurious to all the creditors, and to the defendants among them.

The plaintiff has prayed us to amend the judgment in his favor, in relation to the date from which the interest is to commence. The error seems to be a clerical one.   The note specifies, that the interest shall commence on the 11th day of October, in the year 1838 ; in the judgment, it runs from the 11th day of October in

the year, 1842. The plaintiff is entitled to have his judgment amended, as prayed for.

It is, therefore, ordered and decreed, that the judgment in favor of the plaintiff be amended, by allowing the interest on his claim to commence on the 11th day of the month of October in the year 1838 ; and that in all other respects it be affirmed, the defendants paying the costs.

*Neveu*, for the plaintiff.

*T. H.* and *W. B. Lewis*, and *Voorhies*, for the appellants.